1  Brent H. Blakely (SBN 157292)
2  bblakely@blakelylawgroup.com
   Cindy Chan (SBN 247495)
3  cchan@blakelylawgroup.com
   Jessica C. Covington (SBN 301816)
4  jcovington@blakelylawgrouop.com
   BLAKELY LAW GROUP
5  1334 Parkview Avenue, Suite 280
   Manhattan Beach, California 90266
6  Telephone: (310) 546-7400
   Facsimile: (310) 546-7401
7
   *Attorneys for Plaintiff*
8  *Deckers Outdoor Corporation*

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 DECKERS OUTDOOR              ) CASE NO.
   CORPORATION, a Delaware      )
12 Corporation,                 ) **COMPLAINT FOR DAMAGES AND**
                                ) **EQUITABLE RELIEF:**
13            Plaintiff,        )
                                ) **1. TRADE DRESS INFRINGEMENT;**
14      v.                      )
                                ) **2. PATENT INFRINGEMENT - U.S.**
15 SUP TRADING, an unknown business ) **PATENT NO. 599,999;**
   entity; SHOE DEZIGNS, an unknown )
16 business entity; and DOES 1-10, ) **3. PATENT INFRINGEMENT - U.S.**
   inclusive,                   ) **PATENT NO. D616,189;**
17                              )
              Defendants.       ) **4. TRADE DRESS INFRINGEMENT**
18                              )    **UNDER CALIFORNIA COMMON**
                                )    **LAW;**
19                              )
                                ) **5. UNFAIR COMPETITION**
20                              )    **CALIFORNIA UNFAIR BUSINESS**
                                )    **PRACTICES ACT, CAL. BUS. &**
21                              )    **PROF. CODE, § 17200, ET. SEQ.;**
                                )
22                              ) **6. UNFAIR COMPETITION UNDER**
                                )    **CALIFORNIA COMMON LAW**
23                              )
                                )    **JURY TRIAL DEMANDED**
24                              )
25

26     **Plaintiff Deckers Outdoor Corporation** for its claims against **Defendants**

27 **SUP Trading and Shoe Dezigns ("Defendants")** respectfully alleges as follows:

28

1
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## JURISDICTION AND VENUE

1.      Plaintiff files this action against Defendants for trade dress infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, and for related claims under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.      This Court has personal jurisdiction over Defendants because Defendants are incorporated, domiciled, and/or do business within this judicial district.

3.      This action arises out of wrongful acts by Defendants within this judicial district and Plaintiff is located and has been injured in this judicial district by Defendants' alleged wrongful acts.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4.      Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its many famous trademarks including its UGG® trademark.

5.      Upon information and belief, Defendant SUP Trading is an unknown business entity with an office and principle place of business located at 17930 East Rowland Street, City of Industry, California 91748.

6.      Upon information and belief, Defendant Shoe Dezigns is an unknown business entity with an office and principle place of business located at 2615 River Road, Suite 9, Cinnaminson, New Jersey 08077.

7.      Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Deckers will seek leave to amend this complaint when their true names and capacities are

1  ascertained.  Deckers is informed and believes and based thereon alleges that said

2  Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the

3  wrongs alleged herein, and that at all times referenced each was the agent and servant

4  of the other Defendants and was acting within the course and scope of said agency and

5  employment.

6       8.     Deckers is informed and believes, and based thereon alleges, that at all

7  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

8  reasonably should have known of the acts and behavior alleged herein and the damages

9  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

10  Deckers further alleges that Defendants and DOES 1 through 10, inclusive, have a

11  non-delegable duty to prevent or not further such acts and the behavior described

12  herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or

13  refused to perform.

14            **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15       **A.    Deckers' UGG® Brand**

16       9.     Deckers has been engaged in the design, distribution, marketing, offering

17  for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear –

18  including UGG®, Koolaburra®, Teva®, Sanuk®, Ahnu®, and Hoka One One®.

19       10.    Deckers' UGG® brand remains one of the most recognized and relevant

20  comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded,

21  the popularity of UGG® boots has steadily grown across the nation and even the

22  globe. The UGG® brand has always been and remains highly coveted by consumers.

23  This commitment to quality has helped to propel the UGG® brand to its current,

24  overwhelming level of popularity and cemented its status as a luxury brand.

25       11.    It has now been fifteen years since UGG® boots were first featured on

26  Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on

27  national television how much she "LOOOOOVES her UGG boots." The popularity of

28  UGG® brand footwear has grown exponentially since then with celebrities including

1  Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning
2  them.  UGG® sheepskin boots have become a high fashion luxury item and can be
3  found on fashion runways around the world.

4       12.   Deckers' UGG® products are distributed and sold to consumers through
5  authorized retailers throughout the United States at point of sale and on the Internet,
6  including through its UGG® Concept Stores and its website www.uggaustralia.com.

7  **B.**    **Defendants' Infringing Activities**

8       13.   Upon information and belief, Defendant SUP Trading manufactures,
9  designs, advertises, markets, distributes, offers for sale, and/or sells footwear for men,
10  women, and children under the brand name "Lucita."

11       14.   The present lawsuit arises from Defendants' willful infringement of
12  Deckers' UGG® boot designs, to which Deckers owns design patent and/or trade dress
13  rights, including rights to the UGG® "Bailey Button" and "Bailey Button Triplet"
14  boot, by certain of Defendants' footwear products ("Infringing Products"), exemplars
15  of which are shown below.

16
17
18   
19
20
21
22

23       15.   Upon information and belief, Defendant SUP Trading sells footwear via
24  its warehouse located at 17930 East Rowland Street, City of Industry, California
25  91748.

26       16.   Upon information and belief, Defendant SUP Trading has offered and/or
27  sold the Infringing Products to other resellers and/or retailers within this judicial
28  district.

17.    Upon information and belief, Shoe Dezigns sells footwear via the Amazon website (www.amazon.com), which is accessible to consumers nationwide, including those within this judicial district.

18.    Infringing Products were purchased from Shoe Dezigns via the Amazon website (www.amazon.com) and were shipped to a location in this judicial district.

19.    The Infringing Products obtained from Defendants are the same and/or substantially similar in style and packaging and appear to have originated from a common source.

20.    Deckers is informed and believes and herein alleges that Defendants are competitors and have copied Deckers' boot designs in an effort to exploit Deckers' reputation in the market.

21.    Upon information and belief, Defendants may have sold additional products that infringe upon Deckers' design patents and trade dresses.  Deckers may seek leave to amend as additional information becomes available through discovery.

22.    Deckers has not granted a license or any other form of permission to Defendants with respect to its trademarks, design patents, trade dress, or other intellectual property.

23.    Deckers is informed and believes and herein alleges that Defendants have acted in bad faith and that Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Trade Dress Infringement - 15 U.S.C. § 1125(a))

24.    Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

25.    The UGG® Bailey Button boot was introduced in 2009 and the "Bailey Button Boot Trade Dress" is unique and distinctive, consisting of a combination of the

following key features:

- Classic suede boot styling made famous by the UGG® brand;

- Overlapping of front and rear panels on the lateral side of the boot shaft;

- Curved top edges on the overlapping panels;

- Exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and

- One or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels (hereinafter "Bailey Button Boot Trade Dress").



26.   The Bailey Button Boot Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and is unique in the footwear industry.

27.   The design of the Bailey Button Boot Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the boot.  There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress.  The aforesaid combination of features provides no cost advantages to the manufacturer or utilitarian advantages to the consumer.  These features, in combination, serve only to render Deckers' UGG® Bailey Button boots distinct and recognizable as goods originating from Deckers' UGG® brand.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

28.     The Bailey Button Boot Trade Dress is an original design by Deckers and has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Deckers as the source of footwear featuring said trade dress.

29.     The Bailey Button Boot Trade Dress is one of the most well recognized and commercially successful styles of Deckers' UGG® brand of footwear, having been featured on Deckers' advertising and promotional materials as well as in various trade publications.  Furthermore, the Bailey Button Boot Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media attention, and has graced the pages of many popular magazines nationwide and internationally.

30.     Deckers has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the UGG® brand and its line of footwear embodying the Bailey Button Boot Trade Dress.  Deckers spends millions of dollars annually on advertising of UGG® products, which include products bearing the Bailey Button Boot Trade Dress.

31.     Deckers has sold hundreds of millions of dollars worth of UGG® products bearing the Bailey Button Boot Trade Dress.

32.     Due to its long use, extensive sales, and significant advertising and promotional activities, Deckers' Bailey Button Boot Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

33.     There are numerous other boot designs in the footwear industry, none of which necessitate copying or imitating the Bailey Button Boot Trade Dress.  However, due to the popularity and consumer recognition achieved by the Bailey Button Boot, said design has often been the subject of infringement by third-parties, including Defendant.

34.     Deckers is informed and believes and herein alleges that Defendants are competitors and have copied Deckers' Bailey Button Boot Trade Dress in an effort to

1  exploit Deckers' reputation in the market.

2         35.    Deckers is informed and believes and herein alleges that one or more of

3  the Defendants have directed buyers to the Infringing Products in response to requests

4  for "UGG," "UGGS," and/or "UGG style" boots.

5         36.    The Infringing Products produced, distributed, advertised and offered for

6  sale by Defendants bear nearly identical reproductions of the Bailey Button Boot Trade

7  Dress, such as to cause a likelihood of confusion as to the source, sponsorship or

8  approval by Deckers of Defendant's products.

9         37.    Defendants' use of Deckers' Bailey Button Boot Trade Dress is without

10  Deckers' permission or authority and in total disregard of Deckers' rights to control its

11  intellectual property.

12         38.    Defendants' use of Deckers' Bailey Button Boot Trade Dress is likely to

13  lead to and result in confusion, mistake or deception, and is likely to cause the public

14  to believe that Defendants' products are produced, sponsored, authorized, or licensed

15  by or that are otherwise connected or affiliated with Deckers, all to the detriment of

16  Deckers.

17         39.    Deckers has no adequate remedy at law.

18         40.    In light of the foregoing, Deckers is entitled to injunctive relief

19  prohibiting Defendants from using Deckers' Bailey Button Boot Trade Dress, or any

20  designs confusingly similar thereto, and to recover all damages, including attorneys'

21  fees, that Deckers has sustained and will sustain, and all gains, profits and advantages

22  obtained by Defendants as a result of their infringing acts alleged above in an amount

23  not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D599,999)

26         41.    Deckers incorporates herein by reference the averments of the preceding

27  paragraphs as though fully set forth herein.

28

42.     Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand.  These design patents include but are not limited to the "Bailey Button" boot (U.S. Patent No. D599,999 issued on September 15, 2009), a true and correct copy of which is attached hereto and incorporated herein as Exhibit A (" '999 Patent").

43.     Deckers is the owner by assignment of all right, title and interest in and to the '999 Patent.

44.     Defendants have used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or have imported into the United States footwear that is substantially similar to the '999 Patent in direct violation of 35 U.S.C. § 271.  An example of the Infringing Product is shown at the far right of the '999 Patent drawing and genuine UGG® Bailey Button boot below:

  

**UGG® Bailey Button Boot**    **UGG® Bailey Button Boot**    **Defendants' Infringing Boot**
**Design Patent D599,999**

45.     Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

46.     As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Deckers' '999 Patent.

47.     Defendants' acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

1    48.    Deckers marks all footwear products embodying the design of the '999

2    Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.

3    49.    Given the widespread popularity and recognition of Deckers' Bailey

4    Button boot and the patent notice provided on the products themselves, Deckers avers

5    and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the

6    '999 Patent and has intentionally copied said design on their own brands of products in

7    an effort to pass them off as if they originated, are associated with, are affiliated with,

8    are sponsored by, are authorized by, and/or are approved by Deckers.

9    50.    On information and belief, Defendants' acts herein complained of

10   constitute willful acts and intentional infringement of the '999 Patent.

11   51.    In light of the foregoing, Deckers is entitled to injunctive relief

12   prohibiting Defendants from infringing the '999 Patent and to recover damages

13   adequate to compensate for the infringement, including Defendants' profits pursuant to

14   35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate

15   pursuant to 35 U.S.C. § 284.

16                          **THIRD CLAIM FOR RELIEF**

17               **(Patent Infringement - U.S. Patent No. D616,189)**

18   52.    Deckers incorporates herein by reference the averments of the preceding

19   paragraphs as though fully set forth herein.

20   53.    Deckers is the owner of numerous design patents to the various styles of

21   footwear it offers under its UGG® brand.  These design patents include but are not

22   limited to the "Bailey Button Triplet" boot (U.S. Patent No. D616,189 issued on May

23   25, 2010), a true and correct copy of which is attached hereto and incorporated herein

24   as Exhibit B (" '189 Patent").

25   54.    Deckers is the owner by assignment of all right, title and interest in and to

26   the '189 Patent.

27   55.    Defendants have used, caused to be produced, distributed, advertised,

28   marketed, offered for sale, sold within the United States, and/or has imported into the

United States footwear that is substantially similar to the '189 Patent in direct violation of 35 U.S.C. § 271.  An example of the Infringing Product is shown at the far right if the '189 Patent drawing and genuine Bailey Button Triplet boot below:





**UGG® Bailey Button Boot Design Patent D616,189**     **UGG® Bailey Button Boot**          **Defendants' Infringing Boot**

56.  Defendants' aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

57.  As a direct and proximate result of Defendants' infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Deckers' '189 Patent.

58.  Defendants' acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

59.  Deckers marks all footwear products embodying the design of the '189 Patent with "Pat. No. 616,189" on a product label in compliance with 35 U.S.C. § 287.

60.  Given the widespread popularity and recognition of Deckers' Bailey Button Triplet boot and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '189 Patent and has intentionally copied said design on their own brands of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

61.     On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '189 Patent.

62.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from infringing the '189 Patent and to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement under California Common Law)

63.     Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

64.     Defendants' infringement of the Bailey Button Boot Trade Dress constitutes common law trade dress infringement in violation of the common law of the state of California.

65.     Defendants' unauthorized use of the Bailey Button Boot Trade Dress has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Deckers.

66.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

67.     Deckers has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

68.     The conduct herein complained of was extreme, outrageous, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

1  69. In light of the foregoing, Deckers is entitled to injunctive relief

2  prohibiting Defendants from infringing the Bailey Button Boot Trade Dress, and to

3  recover all damages, including attorneys' fees, that Deckers has sustained and will

4  sustain, and all gains, profits and advantages obtained by Defendants as a result of

5  their infringing acts alleged above in an amount not yet known, and the costs of this

6  action.

### FIFTH CLAIM FOR RELIEF

**(Unfair Competition California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.)**

10  70. Deckers incorporates herein by reference the averments of the preceding

11  paragraphs as though fully set forth herein.

12  71. Defendants' appropriation, adoption and use of the Bailey Button Boot

13  Trade Dress and the '999 and '189 Patents (collectively UGG® Design Patents), or in

14  connection with the sale and offering for sale of footwear is likely to confuse or

15  mislead consumers into believing that Defendants' goods are authorized, licensed,

16  affiliated, sponsored, and/or approved by Deckers, thus constituting a violation of the

17  California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.

18  72. The deceptive, unfair and fraudulent practices set forth herein have been

19  undertaken with knowledge by Defendants willfully with the intention of causing harm

20  to Deckers and for the calculated purpose of misappropriating Deckers' goodwill and

21  business reputation.

22  73. Defendants' use of Deckers' Bailey Button Boot Trade Dress and UGG®

23  Design Patents has deprived Deckers of the right to control the use of its intellectual

24  property.

25  74. As a direct and proximate result of Defendants' unlawful infringement,

26  Deckers has suffered damages and will continue to suffer damages in an amount that is

27  not presently ascertainable but will be proven at trial. Deckers is entitled to all

28  available relief provided for in California Unfair Business Practices Act, Cal. Bus. &

1  Prof. Code, § 17200, et. seq. including permanent injunctive relief.

2      75.    Defendants committed the acts alleged herein intentionally, fraudulently,

3  maliciously, willfully, wantonly and oppressively, with intent to injure Deckers in its

4  business and with conscious disregard for Deckers' rights, thereby justifying awards of

5  punitive and exemplary damages in amounts sufficient to punish and to set an example

6  for others.

7                          **SIXTH CLAIM FOR RELIEF**

8              **(Unfair Competition Under California Common Law)**

9      76.    Deckers incorporates herein by reference the averments of the preceding

10  paragraphs as though fully set forth herein.

11      77.    Defendants' infringement of the Bailey Button Boot Trade Dress and

12  UGG® Design Patents constitutes unfair competition in violation of the common law

13  of the state of California.

14      78.    Defendants are competitors of Deckers and have copied Deckers' boot

15  designs in an effort to exploit Deckers' reputation in the market.

16      79.    Defendants' infringing acts were intended to capitalize on Deckers'

17  goodwill associated therewith for Defendants' own pecuniary gain.  Deckers has

18  expended substantial time, resources and effort to obtain an excellent reputation for its

19  brands of footwear.  As a result of Deckers' efforts, Defendants are now unjustly

20  enriched and are benefiting from property rights that rightfully belong to Deckers.

21      80.    Defendants' acts are willful, deliberate, and intended to confuse the public

22  and to injure Deckers.

23      81.    Deckers has no adequate remedy at law to compensate it fully for the

24  damages that have been caused and which will continue to be caused by Defendants'

25  infringing conduct, unless they are enjoined by this Court.

26      82.    The conduct herein complained of was extreme, outrageous, and was

27  inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was

28  despicable and harmful to Deckers and as such supports an award of exemplary and

1   punitive damages in an amount sufficient to punish and make an example of

2   Defendants, and to deter them from similar such conduct in the future.

3       83.    In light of the foregoing, Deckers is entitled to injunctive relief

4   prohibiting Defendants from infringing the Bailey Button Boot Trade Dress and

5   UGG® Design Patents and to recover all damages, including attorneys' fees, that

6   Deckers has sustained and will sustain, and all gains, profits and advantages obtained

7   by Defendants as a result of their infringing acts alleged above in an amount not yet

8   known, and the costs of this action.

9                          **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for

11  judgment against Defendants SUP Trading and Shoe Dezigns:

12      1.    A Judgment that Defendants have infringed Deckers' Bailey Button Boot

13  Trade Dress and UGG® Design Patents and that said infringement was willful;

14      2.    An order granting temporary, preliminary and permanent injunctive relief

15  restraining and enjoining Defendants, their agents, servants, employees, officers,

16  associates, attorneys, and all persons acting by, through, or in concert with any of them

17  from using Deckers' intellectual property, including, but not limited to:

18          a.    manufacturing, importing, advertising, marketing, promoting,

19  supplying, distributing, offering for sale, or selling the Infringing Products or any other

20  products which bear Deckers' Bailey Button Trade Dress and/or any designs

21  confusingly similar thereto,  as well as any products bearing designs that infringe upon

22  the UGG® Design Patents and/or the overall appearance thereof;

23          b.    engaging in any other activity constituting unfair competition with

24  Deckers, or acts and practices that deceive consumers, the public, and/or trade,

25  including without limitation, the use of designations and design elements used or

26  owned by or associated with Deckers; and

27          c.    committing any other act which falsely represents or which has the

28  effect of falsely representing that the goods and services of Defendants are licensed by,

1  authorized by, offered by, produced by, sponsored by, or in any other way associated

2  with Deckers;

3         3.      Ordering Defendants to recall from any distributors and retailers and to

4  deliver to Deckers for destruction or other disposition all remaining inventory of all

5  Infringing Products and related items, including all advertisements, promotional and

6  marketing materials therefore, as well as means of making same;

7         4.      Ordering Defendants to file with this Court and serve on Deckers within

8  thirty (30) days after entry of the injunction a report in writing, under oath setting forth

9  in detail the manner and form in which Defendants have complied with the injunction;

10        5.      Ordering an accounting by Defendants of all gains, profits and advantages

11  derived from their wrongful acts pursuant to 15 U.S.C. § 1117(a) and 35 U.S.C. § 289;

12        6.      Awarding Deckers all of Defendants' profits and all damages sustained by

13  Deckers as a result of Defendants' wrongful acts, and such other compensatory

14  damages as the Court determines to be fair and appropriate;

15        7.      Awarding treble damages in the amount of Defendants' profits or

16  Deckers' damages, whichever is greater, for willful infringement;

17        8.      Awarding applicable interest, costs, disbursements and attorneys' fees;

18        9.      Awarding Deckers' punitive damages in connection with its claims under

19  California law; and

20        10.     Such other relief as may be just and proper.

21

22  Dated:         September 4, 2015      BLAKELY LAW GROUP

23

24                                By:

25                                        Brent H. Blakely
                                          Cindy Chan
26                                        Jessica C. Covington
                                          *Attorneys for Plaintiff*
27                                        *Deckers Outdoor Corporation*

28

16

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**DEMAND FOR JURY TRIAL**

   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated:   September 4, 2015   BLAKELY LAW GROUP

            By: _____
             Brent H. Blakely
             Cindy Chan
             Jessica C. Covington
             *Attorneys for Plaintiff*
             *Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT A

US00D599999S

(12) **United States Design Patent**     (10) Patent No.:     **US D599,999 S**

MacIntyre     (45) Date of Patent:     ** Sep. 15, 2009

(54) **PORTION OF A FOOTWEAR UPPER**

(75) Inventor:  **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73) Assignee:  **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term:  **14 Years**

(21) Appl. No.:  **29/326,868**

(22) Filed:  **Oct. 27, 2008**

(51) LOC (9) Cl. .............................................. **02-99**

(52) U.S. Cl. ............................. **D2/970**; D2/911; D2/946

(58) Field of Classification Search ................. D2/896, D2/909–915, 946, 970, 973, 974; 36/45, 36/50.1, 83, 3 A, 7.1 R, 113

See application file for complete search history.

(56)     **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D125,568 S | * | 3/1941 | Hard ............................. | D2/911 |
| D155,573 S | * | 10/1949 | Bingham ...................... | D2/910 |
| D159,577 S | * | 8/1950 | Stromberg ................... | D2/900 |
| D159,761 S | * | 8/1950 | Barron ......................... | D2/910 |
| D227,197 S | * | 6/1973 | Fukuoka ....................... | D2/910 |
| D319,332 S | * | 8/1991 | Itzkowitz .................... | D2/910 |
| D481,863 S | * | 11/2003 | Belley et al. ................. | D2/970 |
| D529,269 S | * | 10/2006 | Belley et al. ................. | D2/970 |
| D539,024 S | | 3/2007 | Belley et al. | |
| D581,140 S | | 11/2008 | Earle | |

FOREIGN PATENT DOCUMENTS

DE     40702148     8/2007

EP     00718002-0006     4/2007

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.
UGG Australia, Henry model, p. 1, Oct. 3, 2008.
UGG Australia, Erin model, p. 1, Oct. 3, 2008.
UGG Australia, Cove model, p. 1, Oct. 27, 2008.
UGG Australia, Kona model, p. 1, Oct. 27, 2008.
Catalogue Moscow Shoes, summer 2006, p. 2 top center.
Steve Madden MISSYY Brown Suede boot, www.jildorshoes.com, Dec. 9, 2008.

* cited by examiner

*Primary Examiner*—Stella M Reid
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)     **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof;

FIG. **6** is a top plan view thereof; and,

FIG. **7** is a bottom plan view thereof.

The broken lines in FIGS. **1**–**7** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**





FIG. 1



FIG. 2

Case 2:15-cv-07042-SVW-PLA   Document 1   Filed 09/04/15   Page 22 of 34   Page ID #:22



FIG. 3



FIG. 5



FIG. 4



FIG. 6



FIG. 7

# EXHIBIT B

US00D616189S

(12) **United States Design Patent**    (10) **Patent No.:**     **US D616,189 S**

MacIntyre                                (45) **Date of Patent:**   ** *May 25, 2010**

(54) **PORTION OF A FOOTWEAR UPPER**

(75)  Inventor:   **Jennifer MacIntyre**, Santa Barbara, CA (US)

(73)  Assignee:  **Deckers Outdoor Corporation**, Goleta, CA (US)

(**)  Term:     **14 Years**

(21)  Appl. No.:  **29/343,479**

(22)  Filed:     **Sep. 14, 2009**

**Related U.S. Application Data**

(63)  Continuation-in-part of application No. 29/326,868, filed on Oct. 27, 2008, now Pat. No. Des. 599,999.

(51)  **LOC (9) Cl.** ............................................. **02-99**

(52)  **U.S. Cl.** ................................................. **D2/970**

(58)  **Field of Classification Search** .............. D2/896, D2/902, 903, 905–915, 946, 970, 972, 974, D2/976; 36/45, 50.1, 83, 3 A, 7.1 R, 113, 36/101, 112, 114, 116, 126–130, 48
See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D21,954 | S | * | 11/1892 | Richardson ................... D2/910 |
| D125,568 | S | | 3/1941 | Hard |
| D155,573 | S | | 10/1949 | Bingham, Jr. |
| D159,577 | S | * | 8/1950 | Stromberg ................. D2/900 |
| D159,761 | S | * | 8/1950 | Barron ....................... D2/900 |
| D227,197 | S | | 6/1973 | Fukuoka |
| D284,805 | S | * | 7/1986 | Smith ....................... D2/900 |
| D319,332 | S | | 8/1991 | Itzkowitz |
| D357,572 | S | * | 4/1995 | Seiler et al. ............... D2/910 |
| D386,292 | S | * | 11/1997 | Brooks et al. ............. D2/970 |
| D386,294 | S | * | 11/1997 | Brooks et al. ............. D2/970 |
| D400,342 | S | * | 11/1998 | Davidowitz et al. ......... D2/909 |
| D481,863 | S | | 11/2003 | Belley et al. |
| D497,476 | S | * | 10/2004 | Huard et al. ............... D2/970 |
| D521,228 | S | * | 5/2006 | Kelsey ....................... D2/976 |
| D529,269 | S | | 10/2006 | Belley et al. |
| D539,024 | S | * | 3/2007 | Belley et al. ............... D2/970 |

| | | | | |
|---|---|---|---|---|
| D554,341 | S | * | 11/2007 | Belley et al. ................. D2/970 |
| D575,495 | S | | 8/2008 | Le |
| D580,158 | S | | 11/2008 | Belley et al. |

(Continued)

FOREIGN PATENT DOCUMENTS

DE          40702148          8/2007

(Continued)

OTHER PUBLICATIONS

UGG Australia, Bipster model, p. 1, Oct. 3, 2008.

(Continued)

*Primary Examiner*—Robert M Spear
*Assistant Examiner*—Rashida C McCoy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57)                **CLAIM**

The ornamental design for a portion of a footwear upper, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a portion of a footwear upper showing my new design;

FIG. **2** is a side elevational view thereof;

FIG. **3** is an opposite side elevational view thereof;

FIG. **4** is a front elevational view thereof;

FIG. **5** is a rear elevational view thereof; and,

FIG. **6** is a top plan view thereof.

The broken lines in FIGS. **1**–**6** represent portions of the footwear that form no part of the claimed design. The broken line which defines the bounds of the claimed design forms no part thereof.

**1 Claim, 6 Drawing Sheets**



**US D616,189 S**

Page 2

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| D581,140 S | 11/2008 | Earle |
| D585,636 S | 2/2009 | Earle |
| D591,496 S | 5/2009 | Earle |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 00718002-0006 | 4/2007 |
| EP | 001159008-0005 | 8/2009 |

OTHER PUBLICATIONS

UGG Australia, Henry model, p. 1, Oct. 3, 2008.

UGG Australia, Erin model, p. 1, Oct. 3, 2008.

UGG Australia, Cove model, p. 1, Oct. 27, 2008.

UGG Australia, Kona model, p. 1, Oct. 27, 2008.

Steve Madden MISSYY Brown Suede boot. www.jildorshoes.com, Dec. 9, 2008.

Catalogue Moscow Shoes, summer 2006, p. 2 top center.

UGG Australia 1990 Catalog, Classic Tall model, 1990.

UGG Australia Fall/Winter 2004 Catalog, Larkspur model, 2004.

Sportsmaster, Russian Federation, Autumn/Winter 2008-2009.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



**FIG. 4**

**U.S. Patent**          May 25, 2010          Sheet 5 of 6          **US D616,189 S**



FIG. 5



FIG. 6